Davis, J.
It has long been the settled law in this state that, although a creditor may maintain an action against a person who has assigned his property for the benefit of his creditors, and prosecute the same to judgment; yet he may not subject the assigned property to the payment of his claim, except in the manner and proportions prescribed in the statutes regulating the mode of administering assignments. Haskins v. Alcott, 13 Ohio St., 210, 214. Such a judgment may be satisfied out of property acquired by the assignor after the assignment; but the judgment, without regard to the debt on which it is founded, cannot be a claim against the assigned estate, because the statute prescribes that all claims shall first be presented to the assignee, or trustee, for allowance, and if rejected by him, that an action can then be maintained against the assignee, or trustee, to compel him to allow the same. No other judgment is authorized against the assignee or trustee. The presentation of the claim in the form of a judgment against the debtor and a demand that the assignee, or trustee, shall allow the judgment, will not meet the requirements of the statute. The trustee has the right, in the interest of all of the creditors, to scrutinize and resist the original claim as it existed at ,the time of the assignment, and no evasion of the statute, by putting the claim into judgment, by means of collusion between the creditor and the debtor, or otherwise, will defeat that right. Here the trustee *61 had exercised his statutory privilege by rejecting the original claim, for the reason that it was barred by the statute of limitations. In this he was sustained by the judgment of the court of common pleas. Having appealed to the circuit court, the plaintiffs saw fit to dismiss their appeal without prejudice. Although not so in terms, this was in effect a final dismissal, because there could be no second appeal. The contention as to that claim thereafter was res adjudicaba as far as it concerned the assigned estate, represented by the trustee. A judgment against the assignor, in an action to which the trustee was not a party, and he is a necessary party to bind the assigned estate, could not be accepted by the trustee as a judgment binding the assigned estate, disregarding the original cause of action; and especially so when the contention had been adjudged in his favor in the mode prescribed by the statute. It follows that the judgment of the circuit court should be

Affirmed.

Minshall, C. J., Williams, Buri-cet, Spear and Siiauck, JJ., concur.